UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80536-CIV-ZLOCH

B.B.B. PLAZA ASSOCIATES, LTD.,

      Plaintiff,

vs.                                    **FINAL ORDER OF REMAND**

BED BATH & BEYOND, INC.,

      Defendant.
                                /

    THIS MATTER is before the Court sua sponte.  The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

    Plaintiff B.B.B. Plaza Associates, LTD. initiated the instant action in the Fifteenth Judicial Circuit, Palm Beach County, Florida.  Defendant then timely filed a Notice Of Removal (DE 1) to this Court wherein it was alleged that this action would otherwise properly be brought in federal court.  By prior Order (DE 2), the Court noted that Defendant's Notice Of Removal failed to satisfy the requirements of § 1332 and provided Defendant an opportunity to amend its Notice Of Removal to establish this Court's jurisdiction. Thereafter, Defendant filed an Amended Notice Of Removal (DE 3), which also alleges that the above-styled cause could be brought before this Court pursuant to its diversity jurisdiction.  28 U.S.C. § 1332 (2006).  But it too fails to establish the Court's jurisdiction.

Pursuant to 28 U.S.C. § 1447(c) (2006), this Court may, sua sponte, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*   Whether an action filed in state court may properly be removed to federal court is to be determined from the record at the time the notice of removal is filed.  *See Pullman Co. v. Jenkins*, 305 U.S. 534 (1939).

The requisite diversity of citizenship as to Plaintiff and Defendant is not met by Defendant's Amended Notice Of Removal (DE 3).  The Notice alleges properly the citizenship of Defendant; however, as to Plaintiff B.B.B. Plaza Associates, Ltd., the Notice alleges only that Plaintiff B.B.B. Plaza Associates, Ltd., is "a Florida limited partnership whose principal place of business is in Hollywood, Florida."  DE 3, ¶ 2.  Defendant fails to allege the citizenship of the partners of Plaintiff.

A limited partnership is a citizen of each state in which all of its general and limited partners are citizens. *Carden v. Arkoma Associates*, 494 U.S. 185, 196-97 (1990).  The Amended Notice Of Removal and Plaintiff's original Complaint both lack an allegation regarding the citizenship of all partners of Plaintiff B.B.B. Plaza Associates, Ltd., which is necessary to complete the requisite allegations for diversity.  Therefore, the Notice Of Removal (DE 1) fails to allege the diversity requirements for this Court to

2

exercise jurisdiction over the above-styled cause.  Further, the Court previously gave Defendant an opportunity to amend to cure the defective jurisdictional allegations of the original Notice Of Removal, but Defendant has failed to cure.  Thus, the Courts terms of curing jurisdictional defects have not been kept.  *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.")

The Court notes that the federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005), *citing Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged.  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see, e.g.*, 14C Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction 3d § 3733 (1998).

And it is well settled that the removal statute is to be strictly construed against removal and in favor of remand because a defendant's right to remove and plaintiff's right to choose his forum are not on equal footing.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand);

*see also Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979).

In remanding the above-styled cause due to the Parties' failure to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds.  Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

*Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED** to state court;

2. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward

4

a certified copy of this Order to the Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Broward County, Florida, Case No. 50 2009 CA 007729 XXXX MB; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____24th_____ day of April, 2009.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court
Palm Beach County, Florida
Case No. 50 2009 CA 007729 XXXX MB
(certified copy)